■ In the Matter of LAYTANA YY., Alleged to be a Permanently Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HENRIETTA YY., Appellant. (And Another Related Proceeding.)—Mikoll, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered April 7, 1988, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to

adjudicate Laytana YY. and Antonio YY. permanently neglected children, and terminated respondent's parental rights.

Petitioner commenced these proceedings to have respondent's two children declared permanently neglected. In a previous proceeding the children had been temporarily placed in foster care. After a fact-finding hearing, Family Court found that petitioner "has gone to great lengths to attempt to reunite [respondent] with her children, but to no avail. * * * [Respondent] has had more than ample opportunity to show that she was capable of taking care of her children * * * and take care of their needs. She simply hasn't done so." The court found that the children were permanently neglected and ordered a dispositional hearing. After the dispositional hearing, the court terminated respondent's parental rights and ordered that the children be placed for adoption. Respondent appeals, contending that petitioner failed to show by clear and convincing evidence that it made diligent efforts pursuant to Social Services Law § 384-b (7) to encourage the parental relationship and failed to prove that respondent did not maintain contact with the children or plan for their future. There should be an affirmance.

The record is replete with evidence demonstrating petitioner's diligence in attempting to reunite respondent with her children sufficient to sustain its burden of proof in conformity with Social Services Law § 384-b. Respondent's caseworker discussed plans with respondent for changing her life-style through counseling, securing a job and a home so that she might provide a stable environment for the children. Respondent failed to meaningfully take advantage of the many social services offered to her to help her prepare for reuniting with her children. These included counseling with her caseworker, counseling at a mental health clinic, a referral to parenting aid services to help her develop parenting skills and an offer of Head Start facilities for her children. In addition, transportation was offered to respondent and her children to facilitate visitation, day care was offered if respondent had to work when the children were to visit over weekends and public assistance when respondent was unemployed.

These programs were intended to have respondent change her life-style and learn to control her anger and to teach her to become a better mother. Further, the programs were to assist her in getting decent housing and keeping it, establishing a home with a good environment for the children, getting permanent employment so as to become self-supporting and assisting her in staying out of jail. Despite these efforts,

respondent did not cooperate. She continued her nomadic existence, moving constantly, failing to keep a job, failing to avail herself of counseling and canceling visits with her children, all of which evidenced a sporadic interest in them and also upset them.

Social Services Law § 384-b (7) (f) mandates "reasonable attempts * * * to assist, develop and encourage a meaningful relationship between the parent and child". Petitioner has sustained its burden of proof in this regard and Family Court's order should be affirmed.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.